Original
Oct. 18, 1940. } Nos. 3214. 3215.

ELBA CHASE NELSON & a. v. MAYLAND H. MORSE & a.

SAME v. ENOCH D. FULLER, *Secretary of State.*

*S. Roy Remar*, of Massachusetts (by brief and orally), for the petitioners.

*Robert W. Upton* (by brief and orally), for the defendants.

*Willoughby A. Colby, amicus curiae.*

*Per Curiam.* Upon the issue of the jurisdiction of this court to pass upon the questions presented without their intermediate transfer to and from the Superior Court, the statute (P. L., c. 315, s. 2) vests this court with authority to "issue writs of *certiorari*, . . . and all other writs and processes to other courts, to corporations and to individuals . . ."

This authority is understood to be original, in concurrency with that of the Superior Court, as well as appellate from that court or other tribunals exercising judicial functions. While the original authority of this court will be exercised only sparingly and in exceptional cases where its exercise by the Superior Court will cause undue hardship in delay to meet an emergency or is a mere formality (*Petition of Moebus*, 73 N. H. 350, 351), the conditions of an emergency, in the public interest of expedition in the preparation of ballots for the election now at hand, clearly exist.

The petitioners' positions are untenable. So far as the question of timely objection is concerned, the records in the office of the Secretary of State disclose the existence of numerous written objections filed within the requisite time.

The petitioners' technical claim that they were not properly served with formal notice is unavailing in view of the fact that they appeared at the hearing on the merits of the controversy and participated generally therein, thereby waiving as matter of law their rights to such notice. *Dolber* v. *Young*, 81 N. H. 157, 159, and cases cited; *Maryland Casualty Co.* v. *Martin*, 88 N. H. 346, 347.

The Commissioners ruled that signatures to the nomination papers obtained by the dishonesty of the petitioners or their agents were not to be counted in making the necessary number. This ruling was correct. The principle that fraud vitiates whatever is done under its influence, inheres in the statute, and fraud lies in silence or concealment which constitutes dishonesty as well as in actual misrepresentations. *Benoit* v. *Perkins*, 79 N. H. 11, 15, and cases cited.

The contention that the evidence is insufficient to sustain the Commissioners' finding of fraud, which is necessarily implied from their order, presents no question of law. No stenographer was present at the hearing, and the record here contains no transcript of the evidence either *verbatim* or summarized. *Smith* v. *Hooper*, 89 N. H. 36, 37.

*Petitions dismissed.*