Original, Oct. 1, 1946. } No. 3609a.

OLIVER GOBIN *v.* CHARLES B. CLARKE, *Warden.*

168

*Robert W. Upton* and *John E. Gormley* (*Mr. Gormley* orally), for the petitioner.

*Ernest R. D'Amours*, Attorney General, and *Gordon M. Tiffany*, Law Assistant (*Mr. Tiffany* orally), for the State.

BRANCH, J.   The fundamental contention of the petitioner is that, by meritorious conduct during his confinement in the state prison, he

"earned time off" from his original sentence amounting to one-third of the minimum sentence and that this time off "cannot be taken away from him under any circumstance." In other words, that by force of the statute and the action of the board of prison trustees thereunder, the petitioner's minimum sentence was fully satisfied as a matter of law, leaving only the period of three years between the minimum and maximum sentence to be served.

The language of the statute under which the board acted, which is quoted above, lends scant support to this theory, and when considered in connection with the other provisions of the chapter in which it occurs, leads to the conclusion that the claim of the petitioner must be rejected.

As amended at the legislative session of 1939 (Laws 1939, c. 148, s. 4), the section of the statute here specifically involved, reads as follows: "26. RELEASE, TWO THIRDS OF MINIMUM. Any prisoner whose conduct while in prison has been meritorious and whose minimum sentence is three years or more may be paroled by the state board of parole when he has served two thirds of his minimum sentence, provided it shall appear to said board to be a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen."

It should be noted in the first place that the statute contains no suggestion that "time off", *i.e.*, a reduction in the term of a prisoner's original sentence, may be "earned" by meritorious conduct. The only advantage which a convict can thus "earn" is the privilege of having his conduct reviewed by the parole board and if it is found to be meritorious, to be paroled, provided there is "a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen." Any such order admitting a convict to parole is required by the statute to be conditional (R. L., c. 429, s. 23 and s. 27 as amended by Laws 1943, c. 45, s. 1) and is necessarily subject to the conditions of ss. 34, 35 and 36, providing for recommittal in case of a violation of parole. While at liberty on parole, the prisoner is legally in the custody of the parole board, (*Id.*, s. 28) and the idea that he shall receive a final and irrevocable deduction from his original sentence is wholly at variance with the spirit and purpose of the statute. The terms of the petitioner's original sentence were in no way affected by his meritorious conduct or by the recommendation of the board or by the action of the Governor and Council in granting the parole under the statute as it then stood.

Further light as to the significance and effect of a parole is to be

found in the earlier sections of the chapter. Section 22 provides that a convict who has observed all the rules of the prison shall be entitled to release upon the expiration of the minimum term of his sentence, and "he shall then be given a permit to be at liberty therefrom during the unexpired portion of the maximum term of his sentence."

Section 23 provides that "said permit shall be issued by the state board of parole upon such terms and conditions as it shall establish."

Section 24 provides that a prisoner who has violated the rules of the prison "may be given a like permit after the expiration of the minimum term of his sentence, if there shall appear to said board to be a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen."

Section 25 provides that "in cases of especially meritorious conduct the board may, in like manner, issue such permit at a time in advance of the expiration of the minimum term of sentence, to be computed by deducting therefrom not more than three days for each month of such minimum term of sentence."

Under these sections it is plain that the only relief which a prisoner can "earn" by good conduct is "a permit to be at liberty during the unexpired term of the maximum portion of his sentence." The provision of section 26 that a prisoner "may be paroled by the state board of parole" clearly contemplates the issuance of "a permit to be at liberty" as provided in the preceding sections and nothing more. This the petitioner received and subsequently forfeited by his own misconduct. Upon recommittal to the state prison he was bound to serve the balance of his term as originally imposed without any deduction for meritorious conduct which occurred prior to November 18, 1942, the date of his recommittal to the state prison.

Inasmuch as the question here presented is purely one of local law, the citation of authorities in support of our conclusion is unnecessary, but reference may be made to *Conlon's Case*, 148 Mass. 168, and *Anderson* v. *Corall*, 263 U. S. 193, as being generally in accord with the conclusions reached above.

*Petition dismissed.*

JOHNSTON, J., did not sit: the others concurred.