## ENGEL v. TRIBUNE CO.
### No. 10340.

United States Court of Appeals
Seventh Circuit.
May 24, 1951.

Sigmund S. Engel, pro se.

Weymouth Kirkland, Howard Ellis and J. B. Martineau, Georges Dapples, (of Kirkland, Fleming, Green, Martin & Ellis), all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

PER CURIAM.

This appeal is from an order dismissing a complaint brought by plaintiff against defendant charging libel. In its motion to dismiss, defendant urged, inter alia, that the complaint failed to show that the District Court had jurisdiction over the subject matter. We need to consider only the question of jurisdiction.

Plaintiff, presently incarcerated in the Illinois State Penitentiary where he is serving a sentence of from 2 to 10 years for a felony, under a judgment of the Criminal Court of Cook County, Illinois, for the crime of swindling, alleged in his complaint that his reputation was damaged to the extent of $500,000 because defendant on July 27, 1950, in reporting in the Chicago Daily Tribune the judicial proceedings in connection with his conviction, characterized him as an "International swindler"; that in order to be an international swindler, a person must have swindled a person either in Europe or in South America or in Australia or in Africa or in Asia, and that "he was never accused of any wrongdoing in Europe, neither in South America, neither in Australia, neither in Africa nor in Asia."

The Federal District Court is one of limited jurisdiction, and in every case the jurisdictional facts must be alleged affirmatively or the court is without jurisdiction. Section 1332, 28 U.S.C.A., provides: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between: (1) Citizens of different States; * * *." Hence, to sustain diversity jurisdiction there must exist an actual, substantial controversy between citizens of different states, and when that does not appear the action must be dismissed. Nowhere in the complaint has plaintiff alleged diversity of citizenship. All that appears is that plaintiff is incarcerated in the Illinois State Prison at Stateville, Illinois. Thus it is clear that the court lacked jurisdiction.

Affirmed.