Original,
No. 4366.

LEON P. LABELLE *v.* PARKER L. HANCOCK, *Warden.*

Submitted September 27, 1954.
Decided October 29, 1954.

*Leon P. LaBelle, pro se.*

*Warren E. Waters,* Deputy Attorney General, filed motion to dismiss.

PER CURIAM. Revised Laws, chapter 369, section 2, gives the Supreme Court authority to issue writs of *habeas corpus* and other extraordinary writs but this original authority is not ordinarily exercised if the Superior Court has the opportunity to exercise concurrent jurisdiction. The "original authority of this court will be exercised only sparingly and in exceptional cases where its exercise by the Superior Court will cause undue hardship in delay' to meet an emergency or is a mere formality . . . . " *Nelson* v. *Morse,* 91 N. H. 177, 178.

Treating the petition as an appeal from a previous denial of a petition for a writ of *habeas corpus* in the Superior Court (*Wheeler,* C. J.) in January, 1954, the record of that hearing clearly indicates that the petitioner was represented in the criminal procceding by counsel appointed by the Court and paid for by the county. On that record the denial of the petition was proper. *Petition of Gobin,* 95 N. H. 532. While the denial of the petition in the Superior Court is not *res judicata* of the petition filed in this court (*Fitzgibbons* v. *Hancock,* 97 N. H. 162, 166), "repeated applications for a writ of *habeas corpus* introducing no new facts material to the issue will ordinarily be summarily disposed of." *Petition of*

*Moebus,* 74 N. H. 213; *Gobin* v. *Hancock,* 96 N. H. 450, 451. To the extent that the petition is in the nature of an appeal, it is without merit and the order is

*Petition dismissed.*