Charles E. THOMPSON, Petitioner-Appellant,

v.

J. Ellis OVERLADE, Warden of the Indiana State Prison, Respondent-Appellee.

No. 11244.

United States Court of Appeals, Seventh Circuit.

Nov. 4, 1954.

James C. Cooper, Rushville, Ind., Perry W. Cross, Muncie, Public Defender of Ind., for appellant.

Frank E. Spencer, Deputy Atty. Gen., Carl M. Franceschini, Fowler, Ind., Edwin K. Steers, Atty. Gen. of Ind., for respondent-appellee.

Before MAJOR, LINDLEY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Petitioner on February 16, 1954, filed in the District Court his verified petition for a writ of habeas corpus, directed to the respondent, claiming that his conviction as an habitual criminal, under the laws of Indiana, and incarceration in the Indiana state prison, of which the respondent is now the warden, were in violation of his rights under the thirteenth

and fourteenth amendments to the constitution of the United States.

On May 28, 1954, the District Court dismissed the petition, from which order this appeal was taken.

The district judge held, and respondent contends in this court, that petitioner failed to show that he had exhausted his remedies in the courts of Indiana.

The petition alleges,

" * * * that the petitioner has fully complied with the doctrine requiring the exhaustion of all State afforded corrective process, without vindication of the denial of his rights under the United States Constitution, including a petition for error coram nobis in a trial court and an appeal to the Supreme Court of Indiana from the denial of the petition for coram nobis, and a petition for a writ of certiorari to the Supreme Court of the United States; that the United States Seventh Circuit Court of Appeals and the Supreme Court of the State of Indiana have repeatedly held that habeas corpus in Indiana state courts is not an available adequate remedy for matters sought to be reached by the petitioner herein and that this court has jurisdiction in this action as provided for by Section 2254 of Title 28, U.S.C.A."

Section 2254, Title 28, U.S.C.A. provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

█ ██ It will be noted that petitioner does not allege that he exhausted or even resorted to the ordinary method of appeal[1] from his conviction in the Marshall county, Indiana, circuit court. The general statement in his petition that he had full complied with the doctrine requiring the exhaustion of all state afforded corrective process is not a sufficient showing of exhaustion of state remedies. This is especially true when that averment is followed only by a recital of the presentation of a petition for writ of error coram nobis, an appeal from a denial thereof to the Supreme Court of Indiana, and denial of certiorari by the Supreme Court of the United States. The burden is upon petitioner in such a situation to affirmatively set forth in his petition for habeas corpus what remedies he pursued in the state court and a justification, if any exists, for his failure to pursue any other state court remedy. The burden is not upon the respondent to point out the state court remedies of which petitioner failed to avail himself.

█ Even where a relator in a habeas corpus proceeding claims that he was prevented from taking an appeal from his conviction, a mere general allegation that " 'relief * * * has been applied for and denied' " is not sufficient. United States ex rel. Marshall v. Snyder, 2 Cir., 160 F.2d 351, at page 353. To the same effect is Harris v. Swenson, 8 Cir., 199 F.2d 269, where the court said:

"Furthermore, it does not appear that appellant has exhausted his remedies in the state courts. Although there is a general allegation to that effect, the petition does not show what steps have been taken that would justify a federal court in interfering with state court action."

---

1. Section 9–2301, Burns' Indiana Statutes Annotated.

It is our duty to affirm the judgment of the District Court. However, our order in that respect will be without prejudice to petitioner's right, if any, to present in another proceeding a petition for assertion of any rights to which he believes himself entitled.

The judgment below is

Affirmed.