**Leon P. LA BELLE**

v.

**Warden Parker L. HANCOCK.**

**Civ. A. No. 1481.**

United States District Court
D. New Hampshire.

May 3, 1955.

No counsel for plaintiff or defendant.

CONNOR, District Judge.

This is the second application for a writ of habeas corpus filed in this court by Leon P. LaBelle, a state prisoner, alleging illegal detention by Parker L. Hancock, warden of New Hampshire State Prison.

The previous application alleged that a petition for a writ of habeas corpus addressed to Honorable Stephen M. Wheeler, Chief Justice of the Superior Court of the State of New Hampshire, had been denied and that "Your petitioner has no funds to employ counsel now or to process an appeal to the full Bench of the State Supreme Court * * * therefore having no further remedy in the Courts of the State." I entered an order dismissing the petition because it affirmatively appeared thereon that Title 28 U.S.C. § 2254 had not been complied with. Due consideration was given the plea of poverty as a possible circumstance "rendering such process ineffective to protect the rights of the prisoner." Section 2254, supra. See Buchanan v. O'Brien, 1 Cir., 1950, 181 F.2d 601; O'Brien v. Lindsey, 1 Cir., 1953, 204 F.2d 359; Robbins v. Green, 1 Cir., 1954, 218 F.2d 192; Green v. State of Maine, D.C.Me.1953, 113 F.Supp. 253.

However, it was my view that the New Hampshire Supreme Court would accord him the privilege of presenting the appeal, notwithstanding his inability to pay the necessary costs. See Buchanan v. O'Brien; O'Brien v. Lindsey, supra. This view was fully vindicated. See LaBelle v. Hancock, 99 N.H. 254, 108 A.2d 545.

The present pleading, filed in forma pauperis, alleges that "Your petitioner has exhausted his remedies in the Courts of the State and now comes to the Federal District Court for relief." The allegation does not satisfy the requirements of Section 2254, supra. Harris v. Swenson, 4 Cir., 1952, 199 F.2d 269; Thompson v. Overlade, 7 Cir., 1954, 216 F.2d 492. While this court will take judicial notice that the State Supreme Court has entertained the applicant's appeal, the application remains fatally defective for failure to apply for review to the United States Supreme Court.

For this court to entertain such an application in advance of recourse to the Supreme Court would be completely in conflict with well settled principles. "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted." Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572, quoted and reaffirmed in Darr v. Burford, 339 U.S. 200, 207, 70 S.Ct. 587, 94 L.Ed. 761, after some doubt had been created by the case of Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647. This indicated procedure is not an absolute condition precedent to consideration by a federal district court of an application for writ of habeas corpus by a state prisoner. "Flexibility is left to take care of the extraordinary situations that demand prompt action." Darr v. Burford, supra, 339 U.

S. at page 218, 70 S.Ct. at page 597. Darcy v. Heinze, 9 Cir., 1952, 194 F.2d 664, certiorari denied 343 U.S. 943, 72 S. Ct. 1037, 96 L.Ed. 1348, illustrates the extent the lower courts have followed the mandate of Darr v. Burford, supra. The case sub judice is governed by the general rule since there is no indication that there exist any unusual circumstances which would warrant an exception.

In light of the attendant circumstances, the court adopted what it considered to be eminently fair procedure to cope with the situation. See Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, discussing the court's discretionary power in dealing with such applications. Conformably therewith I entered the following order:

"Upon consideration of the above entitled petition, it is my view that it does not comply with Title 28 U.S. C., Section 2254, in that it does not properly set forth that the applicant has exhausted the remedies available to him in the courts of the State of New Hampshire, or that there is an absence of available corrective process, or the existence of circumstances rendering such process ineffective to protect his rights. "It is accordingly ordered that the petitioner be and hereby is granted leave to file, within a period of thirty days after the date of this order, a supplemental petition in which he shall set forth the facts relative to his detention, the precise remedies which he claims he has exhausted, the issues presented in such proceedings, and whether he has applied for a writ of certiorari from the United States Supreme Court, or that there are exceptional circumstances which would warrant the intervention of this court.

"If the petitioner fails or neglects to file such supplemental petition in accordance with the authority granted herein, the application for a writ of habeas corpus will be denied."

276

The thirty-day period having expired and the applicant having failed to comply with the order, it is

Ordered that the application for a writ of habeas corpus be and it hereby is denied.