Lewis M. MEEK, Plaintiff,

v.

CITY OF SACRAMENTO, Chief of Police Hicks, Defendants.

Misc. No. 877.

United States District Court
N. D. California, N. D.
June 15, 1955.

Lewis M. Meek, in pro. per.

No appearance for defendants.

HALBERT, District Judge.

Plaintiff has presented to this Court a motion seeking permission to file the above entitled action for damages in forma pauperis. With his motion, plaintiff has tendered for filing the complaint by which he proposes to institute the action.

Preliminarily it should be noted that leave to proceed in forma pauperis is a privilege and not a right, Clough v. Hunter, 10 Cir., 191 F.2d 516; Willis v. Utecht, 8 Cir., 185 F.2d 210; Johnson v. Hunter, 10 Cir., 144 F.2d 565; Prince v. Klune, 80 U.S.App. D.C. 31, 148 F.2d 18; and Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857. A duty is imposed upon this Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit, and if it appears that the proceeding is without merit, this Court is bound to deny a motion seeking leave to proceed in forma pauperis, Higgins v. Steele, 8 Cir., 195 F.2d 366; Huffman v. Smith, 9 Cir., 172 F.2d 129; Tate v. California, 9 Cir., 187 F.2d 98; Gilmore v. United States, 8 Cir., 131 F.2d 873; and Fisher v. Cushman, 9 Cir., 99 F.2d 918. It was with these rules of law in mind that the Court examined and considered the documents presented

by plaintiff with his motion, and this Memorandum and Order is the result of such examination and the Court's deliberation on it.

■ This Court is a court of limited jurisdiction, and it has no authority beyond that specifically granted it by law. The jurisdiction of this Court is never presumed. The presumption is to the contrary, Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444; United States v. Green, 9 Cir., 107 F.2d 19; and Durkey v. Arndt, D.C., 46 F.Supp. 256. Nothing is alleged in plaintiff's proposed complaint from which it can be determined that this Court has jurisdiction in the proposed action.

■ The first principle of federal jurisdiction is that it is the duty of litigants to make clear to the Court the basis of its jurisdiction over the case. Likewise, it is a duty of the Court to make sure that jurisdiction exists. If the record fails to disclose a basis for federal jurisdiction, the Court not only will, but must refuse to proceed further with the determination of the merits of the controversy, unless this failure can be cured. This is true regardless of what stage the case may be in, and whether the defect is called to the Court's attention by suggestion of the parties or otherwise, Mansfield, C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Warner v. Territory of Hawaii, 9 Cir., 206 F.2d 851; and Koike v. Atchison, T. & S. F. Ry. Co., C.C., 157 F. 623; Skelly v. Dockweiler, D.C., 75 F.Supp. 11; and American Distilling Co. v. City of Sausalito, D.C., 73 F.Supp. 520.

Since the jurisdiction of this Court is never presumed, but must, in every case, be affirmatively alleged and shown in order for the Court to acquire jurisdiction, plaintiff's proposed complaint could avail him nothing, and even if filed, the Court would, on its own motion, have to dismiss the complaint. See Engel v. Tribune Co., 7 Cir., 189 F.2d 176; Food Fair Stores, Inc. v. Food Fair, Inc., 1 Cir., 177 F.2d 177; and McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

■ In view of the law above cited and the absence of allegations in plaintiff's proposed complaint showing the existence of federal jurisdiction, this Court, on its own initiative, must terminate the proposed proceeding by denying permission for the filing of the proceeding in forma pauperis.

It Is Therefore Ordered that plaintiff's motion to file his complaint in this action in forma pauperis be, and the same is hereby denied.