Application of Lewis M. MEEK for a Writ of Habeas Corpus.

Misc. No. 949.

United States District Court
N. D. California, N. D.

Feb. 17, 1956

Lewis M. Meek, in pro per.
No appearance for respondent.

HALBERT, District Judge.

Petitioner has filed with this Court a motion seeking permission to file an application for a writ of habeas corpus in forma pauperis. By his proposed petition, petitioner seeks to challenge his custody by the Warden of the California State Prison at Folsom. Petitioner is presently held in custody by said Warden on a commitment issued out of the Superior Court of the State of California, in and for the County of Sacramento, in which said court the petitioner was convicted of the crime of robbery in the first degree.

Preliminarily, it should be noted that petitioner can be permitted to proceed in forma pauperis only if his proposed petition has merit. Leave to proceed in forma pauperis is a privilege and not a right, and if this Court determines that the proposed proceeding is without merit, this Court is duty bound to forthwith deny leave to proceed in forma pauperis. See Meek v. City of Sacramento, D.C., 132 F.Supp. 546.

This Court is a court of limited jurisdiction and has no authority beyond that specifically granted to it by law. The jurisdiction of this Court is never presumed but must, in every case, be affirmatively alleged and shown in order for the Court to acquire jurisdiction. It is the duty of litigants to make clear to the Court the basis of its jurisdiction over the proceeding, and likewise, it is the duty of the Court to make sure that jurisdiction exists. If petitioner's petition fails to show actual jurisdiction, this Court must, if necessary, on its own

motion, terminate the proceeding. Meek v. City of Sacramento, supra.

It is fundamental that before this Court can acquire jurisdiction under Section 2241(c) (3), of Title 28, United States Code, over a petition for a writ of habeas corpus by a prisoner in the custody of state officials, pursuant to a state court judgment, that the proposed petition must present a question of the lawfulness of petitioner's custody under the Constitution and laws or treaties of the United States. Sampsell v. People of State of California, 9 Cir., 191 F.2d 721, and Odell v. Hudspeth, 10 Cir., 189 F.2d 300. A further requirement of the law, which must be satisfied before this Court can entertain an application for a writ of habeas corpus by a state prisoner, is that petitioner must have exhausted his available state remedies as required by Section 2254, of Title 28, United States Code, as the law codified in that Section has been interpreted in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, and Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, except when there is an absence of an available state corrective process, or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. Under the law there is no exhaustion of available state remedies until the specific issues sought to be presented to this Court have been actually and properly presented to the state courts. See Darr v. Burford, supra; Vanderwyde v. Denno, D.C., 113 F.Supp. 918, affirmed and opinion adopted 2 Cir., 210 F.2d 105, and Collins v. Heinze, D.C., 125 F.Supp. 186.

A general allegation in a petition for a writ of habeas corpus that petitioner has exhausted his available state remedies, without showing what steps he has taken in the state courts to obtain his release, is but a conclusion of the petitioner, and it is insufficient to justify a federal court in interfering with state court action. Thompson v. Overlade, 7 Cir., 216 F.2d 492; Harris v. Swenson, 4 Cir., 199 F.2d 269, and La Belle v. Hancock, D.C., 134 F.Supp. 273. A petitioner who is in the custody of state officials pursuant to the judgment of a state court, and who seeks relief from this Court by means of a petition for a writ of habeas corpus addressed to this Court, must set forth in the petition each and all of the following:

1. The ultimate facts (as distinguished from evidentiary facts, arguments or conclusions) relative to his detention.

2. The precise issues which he wishes to raise in this Court (The statement of these issues must contain ultimate facts and not evidentiary facts, arguments or conclusions.).

3. The exact state courts in which petitioner asserts he has exhausted his state remedies as to the aforementioned issues to be presented to this Court, giving in this regard:

(a) Title of the state court from which the remedy, or remedies, was sought;

(b) The date on which the remedy, or remedies, was sought; and

(c) The outcome of each and all of the proceedings in which such remedy, or remedies, was sought.

4. A statement that a writ of certiorari has been sought from the Supreme Court of the United States on the precise issues previously presented to the state courts in exhausting petitioner's state remedies on the issues now being sought to be presented to this Court in his petition, and the ruling of the Supreme Court of the United States on his petition for a writ of certiorari.

If a petitioner fails to set forth these required facts clearly, completely and without equivocation, he fails to bring himself within the jurisdiction of this Court. La Belle v. Hancock, supra.

An examination of the petition for a writ of habeas corpus, which the petitioner now seeks to file with this Court shows clearly that it does not satisfy the requirements of the law, as set forth above. It further appears from an examination of the proposed petition that there are no allegations in it which would, or can, bring petitioner's proposed proceeding within any exception re-

ferred to in Section 2254, of Title 28, of the United States Code. Furthermore, petitioner makes no claim that his proposed proceeding comes within these exceptions.

Petitioner having failed to establish his right to proceed before this Court, there is no course left open to this Court but to deny petitioner leave to file his application for a writ of habeas corpus in forma pauperis.

It is, therefore, ordered that petitioner's motion to file his petition for a writ of habeas corpus in forma pauperis be, and the same is, hereby denied.