Merrimack,
No. 4797.

SPYROS TSOUKALAS

*v.*

PARKER L. HANCOCK, *Warden, & a.*

Argued January 5, 1960.

Decided February 29, 1960.

*Alfred Catalfo, Jr.* (by brief and orally), for the plaintiff.

*Louis C. Wyman,* Attorney General, and *John J. Zimmerman,* Assistant Attorney General (*Mr. Zimmerman* orally), for the defendants.

BLANDIN, J.   The parties agree that the questions before the Court are: first, Is the plaintiff entitled to a reduction of his maximum sentence for armed robbery for the period of time he was on parole for this offense and until convicted of the crime of statutory rape?   Second, is the plaintiff now serving two sentences within the meaning of RSA 607:50, so that he is entitled to relief under that statute?

Relative to the first question, RSA 607:48 reads as follows: "A prisoner so recommitted may, at any time before the expiration of the remainder of his maximum sentence, be again paroled upon such terms and conditions as the parole board shall prescribe. If not so paroled, a prisoner so recommitted shall serve the remainder of his maximum sentence, and in computing the period of his confinement the time between his release upon permit and the revocation of his permit for parole shall not be considered as any part of the term, except that the time between the return of the parolee to prison after his arrest and revocation of the permit shall be considered as a part of the time which the parolee is to serve for violation of parole."

The words of this section are plain and unequivocal, to the effect that no credit can be allowed the plaintiff here against the unexpired remainder of his maximum sentence for the time he was absent from prison on parole.   Furthermore, the case of *Gobin* v. *Clarke,* 94 N. H. 167, confirms this view.   There the court said: "Upon recommittal to the state prison he was bound to serve the balance of his term as originally imposed without any deduction for meritorious conduct which occurred prior to . . . the date of his recommittal to the state prison."   *Id.,* 170.

It is true, as the plaintiff points out, that Gobin violated his New Hampshire parole by committing an offense in Massachusetts. It appears that this distinction is immaterial.   The language of the section, taken in connection with other sections of this chapter and the rationale of the *Gobin* decision, compel the conclusion

that the plaintiff has forfeited any claim he might otherwise have to a deduction from his sentence for meritorious conduct. Since as stated in the *Gobin* opinion, the matter is "purely one of local law" (*Id.*, 170) authorities cited by the plaintiff from certain other jurisdictions reaching different conclusions are not persuasive.

The plaintiff, being unable to furnish bail from the time of his arrest on June 12, 1955, and being confined thereafter until sentenced on October 18 following, stands no differently because of this than any other person in such circumstances and is entitled to no relief on account of such confinement under any provisions of RSA ch. 607. This was not "time between [his] return . . . to prison after his arrest and revocation of the permit" within the meaning of section 48.

The plaintiff's second contention is that he is eligible for parole under RSA 607:50, which provides: "When a convict is committed to or held in the state prison upon two or more sentences imposed as provided in this chapter he shall be eligible to receive a permit as authorized herein, when he has served a term equal to the aggregate of two-thirds of the minimum terms of the several sentences; but he shall be subject to all the provisions of this chapter until the expiration of a term equal to the aggregate of the maximum terms."

He argues that he is now held in state prison under two sentences within the meaning of section 50, because he has received one sentence for armed robbery and another for statutory rape committed while he was on parole from the robbery sentence. Were his argument to be accepted, it would mean that a person sentenced to not more than seven nor less than three years for armed robbery, who violated his parole without committing a second crime, would be recommitted to serve out his maximum sentence. As contrasted with this, the plaintiff, serving a like sentence for the same offense and having been paroled after serving two-thirds of his minimum sentence (RSA 607:43), and having violated his parole by commission of a second crime, would under the statute be required on recommittal to serve only two-thirds of the minimum sentence for the second crime, before again becoming eligible for parole.

It has been well stated that "there can be no greater injustice than to treat unequal things equally." To sustain the plaintiff's position would be to go even one step further and award the greater wrongdoer better treatment than the lesser. The policy of RSA ch. 607 is to discourage, and not encourage, parole violations. Not

only is this sensible intent reasonably plain on the face of the statute, but the illogical and unfair result which would be reached were the plaintiff's position sustained is a strong argument against such a construction of section 50. *In re Moore,* 99 N. H. 209, 211; *Glover* v. *Baker,* 76 N. H. 393, 413.

Section 50 is plainly inapplicable where two or more sentences are to be served consecutively rather than concurrently. Since the plaintiff upon his recommittal was not held "upon two or more sentences" but upon his first sentence until it should expire, and then upon the second sentence, he may not claim the benefits afforded by section 50.

A final contention advanced by the plaintiff is that the Parole Board was without authority to commit him on October 20, 1955, under section 47, because its jurisdiction had been superseded by the Superior Court, which had sentenced him for statutory rape two days before on October 18. We believe that this position is untenable. When sentenced for his second offense, the plaintiff was still in the legal custody of the Parole Board, and his permit had not yet been revoked. The sentence imposed on October 18, 1955, was not to commence until the prior sentence should expire. In effect the plaintiff was returned by the Superior Court to the custody of the Parole Board. That Board on October 20, 1955, revoked the plaintiff's permit, and he was thereupon recommitted to prison under his original sentence. RSA 607:47. It appears that justice requires that the plaintiff be given credit for two days served on his first sentence from October 18th to the 20th, under section 48. The order is

*Petition denied.*

WHEELER, J., did not sit; the others concurred.