John D. DUNCAN

v.

Curtis M. PAYSON, Allen L. Robbins, Albert Welch, Lionel C. Cooper, Robert Stone.

Misc. No. 61.

United States District Court
D. Maine, S. D.
April 22, 1960.

John D. Duncan, pro se.

Roger A. Putnam, Portland, Me., for appellees.

GIGNOUX, District Judge.

Plaintiff, who is presently incarcerated in the United States Penitentiary at Alcatraz, California, has presented to this Court a motion for leave to prosecute *in forma pauperis* under 28 U.S.C.A. § 1915 (a) the above-entitled civil action for damages. Accompanying the motion is the complaint by which plaintiff proposes to institute the action, and a motion for jury trial and for production of plaintiff before the Court on the day of trial.

By order dated February 5, 1960 this Court denied this petitioner's motion for leave to prosecute *in forma pauperis* an essentially similar civil action for damages against these same defendants. (Misc. No. –58.) The denial was on the ground that the complaint completely lacked any allegation from which it could be determined that this Court had jurisdiction of the proposed action. In its order the Court stated:

"Under 28 U.S.C.A. § 1915(a), leave to proceed *in forma pauperis* is a privilege and not a right, and an application for leave so to proceed is addressed to the sound discretion of the Court. Parsell v. United States, 218 F.2d 232 (5th Cir. 1955); Clough v. Hunter, 191 F.2d 516 (10th Cir. 1951). A duty is imposed upon the Court in acting upon any such application to determine whether there is any merit in the proposed proceeding, and if it appears that the proceeding is without merit, the motion to proceed *in forma pauperis* should be denied." Meek v. Sacramento, 132 F.Supp. 546 (N.D.Cal.1955).

While it appears that petitioner has now properly alleged jurisdiction in this Court pursuant to 28 U.S.C.A. § 1343(3), an examination of the instant complaint discloses that if this Court allowed it to be filed, it would have to be dismissed upon motion under Fed.R.Civ. P. 12(b), 28 U.S.C.A., for failure to state a claim upon which relief can be granted.

The gravamen of the complaint is stated in paragraph 1 thereof, which reads as follows:

"1. That on or about the 11th day of October, 1956, and continuing thereafter until the date of the filing of this complaint, within the jurisdiction of this Court, in the County of Knox, at Thomaston, State of Maine, and at divers other places, while acting under color of

State law (the defendants) each and severally, did comspire (sic) to deprive the plaintiff of his constitutional right to apply for a writ of habeas corpus, and/or other legal relief from a fraudulent conviction entered on the 11th day of October in case no. 1708 from the Superior Court for the County of Knox, State of Maine, by causing and effecting his forcible removal from the jurisdiction of the Courts of the State of Maine, all in violation of the Rights of the plaintiff under the 14th Amendment to the Constitution of the United States and specifically prohibited by Section 241 of Title 18 United States Code."

The complaint alleges that petitioner's conviction was fraudulent because obtained by knowingly perjured testimony. It further alleges that on all pertinent dates the defendant Robbins was Warden of the Maine State Prison at Thomaston, Maine, the defendant Payson was County Attorney for Knox County, Maine and the remaining defendants were employees of the Maine State Prison at Thomaston. It charges that pursuant to the alleged conspiracy the defendant Robbins fraudulently certified that it was not feasible or safe to keep petitioner confined in the Maine State Prison, and that petitioner was thereupon delivered by the defendants on May 20, 1957 to the Warden of the United States Penitentiary at Atlanta, Georgia for confinement in a federal institution pursuant to a contract between the Commissioner of Institutional Service of the State of Maine and the Director of the Federal Bureau of Prisons. The complaint sets forth that the sole reason for petitioner's transfer to a federal institution was to remove him from the jurisdiction of the Maine courts and to prevent his application for a writ of habeas corpus therein. Petitioner specifically complains that he has been thereby deprived of equal protection and due process of law.

Assuming, without deciding, that the 14th Amendment to the Federal Consti-

tution guarantees the petitioner the right to seek post-conviction relief in the courts of the State of Maine, nevertheless petitioner has not been deprived of this right for the following reasons:

Petitioner, although in a United States prison, is there following a judgment of conviction in the Superior Court for Knox County, Maine, and pursuant to an agreement between federal and state authorities to hold him for safekeeping in the United States prison rather than the State prison.

■ There may be some doubt as to whether the Maine courts would have jurisdiction to entertain a petition for the writ of habeas corpus when, as here, the petitioner is outside the State's territorial jurisdiction, but when, as here, there are persons within the State's jurisdiction who have real and ultimate control over the petitioner's detention. Compare Maine R.S.1954 ch. 126, § 7 with § 32. Compare Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 with 39 C.J.S. Habeas Corpus § 54, p. 598. However this may be, a reading of Dwyer v. State of Maine, 1956, 151 Me. 382, 120 A.2d 276 convinces this Court beyond any doubt that the only remedy available to petitioner in the State courts if his conviction was in fact based on perjured testimony is the writ of error coram nobis. The court in the Dwyer case further states (151 Me. at page 393, 120 A.2d at page 283):

"Under the common law the petition for writ of error coram nobis was directed to the Judge who presided at the original trial, if he was then in office. The petition should now be directed to the Superior Court, if the judgment was rendered in the Superior Court, because the hearing on the writ of error coram nobis must be held in the county where the record is. *It is a part of the original case, and a part of the record. The prisoner in the criminal case is then in Court where he was tried and convicted, and the Court, if it grants the relief claimed, has by the peti-*

*tioner's own action reacquired jurisdiction for correction of any error, or for a new trial on the original indictment or complaint."* (Emphasis supplied.)

It thus seems clear that the jurisdiction of the Maine Superior Court to entertain coram nobis is not dependent upon a petitioner's personal presence within its territorial jurisdiction. Thus by the alleged action of the State officers of which petitioner complains, he was not deprived of his right, which the Court has assumed *arguendo* to be a federal right, to pursue his proper post-conviction remedy in the Maine courts.

Since it thus appears that the instant complaint if filed would be subject to immediate dismissal upon motion under Fed.R.Civ.P. 12(b), the Court finds no merit in the proposed proceeding.

It is therefore ordered that the motion to leave to proceed *in forma pauperis* be, and it is hereby,

Denied.