**Kimberly R. PRATT, Petitioner,**

v.

**STATE OF MAINE,**

and

**Margaret B. Brown, State of Maine Probation and Parole Officer, Respondents.**

**Misc. No. 298.**

United States Court of Appeals
First Circuit.

March 13, 1969.

**312**

Henry N. Berry, III, Portland, Me., on application.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Petitioner moves for reconsideration of this court's denial of a certificate of probable cause, stating that counsel was misled by the district court clerk as to the meaning of our rules and procedure. With the passing observation that misinformation by a clerk is never an excuse, and that in any event minimum caution would suggest that inquiries be made of the clerk of the court whose procedure is in doubt, we grant the motion and reconsider the request.

Petitioner pleaded guilty to the charge of violating a Maine statute under which her offense was a felony, and received a suspended sentence. Thereafter she claimed that this statute had been repealed, by implication, by a later statute describing her offense as a misdemeanor, and on this basis sought relief in the state court. Relief denied, she did not appeal, satisfied that the question had been decided against her in another very recent case by the Maine Supreme Judicial Court, State v. Taplin, Me., 1968, 247 A.2d 919. Instead, she sought habeas corpus in the federal district court. Her petition was dismissed; the district court denied a request for a certificate of probable cause, and she now seeks the certificate from us. 28 U.S.C. § 2253; Fed.R. App.P. 22(b); 1 Cir.R. 8.

We accept petitioner's assertion that she has adequately pursued her state court remedies. The extensive and careful opinion in the *Taplin* case reveals that further action there would be useless. On the other hand, her attack upon that decision is without precedent, cited or otherwise. It is for the state court, short of some constitutional infirmity, to interpret its own statutes. Brady v. Maryland, 1963, 373 U.S. 83, 90, 83 S.Ct. 1194, 10 L.Ed.2d 215; State of Washington v. Maricopa Co., 9 Cir., 1945, 152 F. 2d 556, cert. denied 327 U.S. 799, 66 S. Ct. 900, 90 L.Ed. 1024; cf. Note, Federal Question Abstention: Justice Frankfurter's Doctrine in an Activist Era, 80 Harv.L.Rev. 604 (1967). Petitioner shows no such infirmity. She gains nothing by asserting that the decision was so unreasonable as to violate "due process of law." * See United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (Jan. 14, 1969).

Petitioner's other contention, that she did not receive "equal protection" because the Maine Superior Court, prior to the *Taplin* decision, found some other defendant guilty of a misdemeanor, is totally frivolous.

The petition is denied.

---

\* Counsel goes so far as to intimate that the Maine court was not "intellectually honest," an effrontery we find difficult to overlook.