John A. McMICHAELS, Petitioner, Appellant,

v.

Barker L. HANCOCK, Warden of New Hampshire State Prison, Respondent, Appellee.

No. 7607.

United States Court of Appeals, First Circuit.

July 8, 1970.

John A. McMichaels, pro se.

Henry F. Spaloss, Asst. Atty. Gen., for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a writ of habeas corpus in which petitioner seeks to attack a state conviction for burglary. Petitioner's request for the appointment of counsel makes it appropriate for us to consider whether the appeal presents any question of possible merit. Local Rule 6, formerly Local Rule 5. In the light of the simple record, petitioner's brief filed in the district court, and the court's opinion, we are of the view that this is a case where the issues are fully revealed, and may be resolved at this time.

Petitioner raises two questions. The first is the validity of his conviction under a state statute in force at the time of the commission of the offense but allegedly repealed prior to trial by the enactment of a new one. Interpreting the replacement legislation, the state Supreme Court has ruled against petitioner on this point, holding that the old statute was not repealed, but was left by the legislature as a continuing basis

for prosecutions of acts taking place before the new statute took effect. McMichaels v. Hancock, 109 N.H. ——, 269 A.2d 30 (1970). We review only constitutional issues. The state court's interpretation of its statute, and its conclusion that the earlier one had not been repealed, raise no such question. Pratt v. Maine, 1 Cir., 1969, 408 F.2d 311; see Bell v. Maryland, 1964, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822. Nor does the petitioner have a constitutional claim based on the fact that burglaries after the new law became effective involve lesser penalties.

Petitioner's second contention is that his plea of guilty, upon which the conviction rested, was not voluntary. On this issue, as the district court found, he has not exhausted his state remedy. It is true that he sought to do so by means of a habeas petition directed to the state Supreme Court. But he obtained no consideration of this claim, that court holding his proper remedy, still available, to be to seek habeas relief from the superior court. This is not a case in which the state procedure is so confusing that one might be excused for not understanding it. The proper procedure had been indicated by the state Supreme Court in earlier cases. It characterized its own original habeas powers, requested by petitioner, as available only in exceptional cases, to avoid hardship in proceeding through the superior court. LaBelle v. State, 1967, 108 N.H. 241, 231 A.2d 480; Nelson v. Morse, 1940, 91 N.H. 177, 16 A.2d 61 (exceptional nature of Supreme Court power to grant all writs in original proceedings); see LaBelle v. Hancock, 1954, 99 N.H. 254, 108 A.2d 545. Defendants seeking post-conviction relief from state convictions must take seriously the requirement that they exhaust their state remedies before turning to the federal court.

No purpose could be served by the appointment of counsel. We affirm the judgment of the District Court under Local Rule 6.