Original,
No. 6112.

PETITION OF DONALD W. LAFOREST.

December 30, 1970.

*Donald W. LaForest,* pro se.

*Warren B. Rudman,* Attorney General and *Thomas B. Wingate,* Assistant Attorney General, for the State.

PER CURIAM. This is a petition for a writ of habeas corpus filed in this court to obtain the release of the plaintiff. After the filing of this petition the plaintiff was released on parole.

The following facts are undisputed: On September 27, 1965, the plaintiff was sentenced to a term of not more than three years or less than two years minus one day, for escape from the Hillsborough County jail while being held there awaiting trial on the charge of breaking and entering with intent to rape. He was sentenced on October 19, 1965, for a term of not more than three years nor less than one year and one day for breaking and entering a girls' dormitory at the High Mowing School located in Wilton, New Hampshire, in the nighttime, and assault with intent to rape. These sentences were to run consecutively.

He was released on parole on February 9, 1969, having completed his first sentence and served one year and approximately four months of his second sentence for breaking, entering and assault.

On February 22, 1970, he was returned to prison under RSA 607:47 for a July 29, 1969 parole violation.

His basic claim is that his due process rights under the fourteenth amendment of the Federal Constitution and his right to be free of cruel and unusual punishment under the eighth amendment are violated if the total time he spent on parole is not credited toward the fulfillment of his sentence. The State disputes these claims and further asks us to dismiss the petition for habeas corpus as not being the proper remedy.

We have repeatedly held that the supreme court's original concurrent jurisdiction with the superior court of this writ will be "exercised only sparingly and in exceptional cases." *LaBelle* v. *State,* 108 N.H. 241, 231 A.2d 480 (1967). It is only in cases where the remedy in the superior court is inadequate or will cause undue hardship that the supreme court will act. *Nelson* v. *Morse,* 91 N.H. 177; *LaBelle* v. *State,* 108 N.H. 241, 231 A.2d 480 (1967); *LaBelle* v. *Hancock,* 99 N.H. 254, 108 A.2d 545 (1954). In the present case it appears that the constitutional questions will have to be decided eventually by this court. We believe the sensible course is to consider them now. *Nelson* v. *Morse,* 91 N.H. 177, 16 A.2d 61 (1940).

In effect, the petitioner has challenged the constitutionality of RSA 607:48 ( supp. ). This statute reads as follows: "A prisoner so recommitted may, at any time before the expiration of the remainder of his maximum sentence be again paroled upon such conditions and terms as the parole board shall prescribe. If not so paroled a prisoner so recommitted shall serve the remainder of his maximum sentence. For purposes of this section, the max-imum sentence may be reduced by subtracting therefrom a period of time equal to one third of the period of time prisoner was at liberty on permit, provided that the latter period equaled thirty days in duration. The time between the return of the parolee to prison after his arrest and revocation of the permit shall be con-sidered as time served as a portion of the maximum sentence as computed hereunder. "

The meaning of this statute is clear. The Parole Board "may" but is not required to give the plaintiff the credit provided by the statute. Until RSA 607:48 was amended by Laws 1969, 143:1 ( 607:48 ( supp. ) ), our long established law was that no time could be credited for this period. *Gobin* v. *Clarke,* 94 N.H. 167, 170, 49 A.2d 167, 168 ( 1946 ). *See also Tsoukalas* v. *Hancock,* 102 N.H. 417, 158 A.2d 296 ( 1960 ). The matter before us is "purely one of local law." *Gobin* v. *Clarke,* 94 N.H. 167, 170, 49 A.2d 167, 168 ( 1946 ). Such authorities as the plaintiff cites from different states, under different statutes and different policies than our own are not persuasive, and we do not accept them.

In all the circumstances, we find no sound basis for the plain-tiff's assertion that failing to give him credit for the time he was released on parole subjects him to cruel and unusual punishment under the eighth amendment of the Federal Constitution. The plaintiff's final contention is that the warrant for his arrest upon his parole violation was not properly signed. The record clearly shows that this warrant was properly signed and certified. RSA 607:46. The plaintiff's claim that this was not so appears to be without merit.

*Petition denied.*