Grafton,
March, 5 1912.

### PUSHEE v. LYME SCHOOL DISTRICT.

The action of a school board in paying the tuition of a pupil who has attended an academy located out of the state is evidence that such institution was approved by them, as required by chapter 100, Laws 1909.

The school board of a town bordering on the state line, in which no high school is maintained, may in their discretion approve an academy located in another state, on the ground of accessibility, although similar schools in this state are geographically nearer the pupil's residence.

In the exercise of a reasonable discretion, the school board of a town may revoke an approval of an academy located in another state before the completion of the full course of study prescribed therein.

ASSUMPSIT, for tuition paid to St. Johnsbury Academy by the plaintiff for the attendance of his daughter after January 23, 1911.

Trial by the court.   Transferred from the October term, 1911, of the superior court by *Mitchell,* J.

The plaintiff resides in the defendant district, in which there is no high school.   At the opening of the school year in September, 1910, his daughter began attendance at St. Johnsbury Academy, which is approved by the superintendent of public instruction in accordance with chapter 100, Laws 1909.   The plaintiff notified the school board of the district that his daughter was attending the academy, and the board paid the tuition which accrued up to January 23, 1911, when they notified the plaintiff that they would no longer pay it, nor approve the school.   There are approved high schools in this state accessible to the plaintiff's daughter and one outside the state, all within fifteen miles of the plaintiff's residence, while St. Johnsbury Academy is in Vermont and forty-six miles distant from his home.

The court ruled that the payment of tuition by the school board constituted an approval of the academy, and the defendant excepted.   Subject to the plaintiff's exception, the court also ruled that the notice to the plaintiff consituted a revocation of the previous approval, and that the defendant was not liable in this action.   The plaintiff requested a ruling that the approval of the academy was irrevocable, and that the defendant thereby became liable to pay the tuition for the four-years course, if his daughter attended during that time, or for such part thereof as she did attend.   The court refused to rule as requested, and the plaintiff excepted.

*Scott Sloane,* for the plaintiff.

*Marshall D. Cobleigh,* for the defendant.

PEASLEE, J.   The tuition of scholars residing in towns bordering on the state line and not maintaining a high school may become a charge against the school district, although the institution attended is located outside the state.   To create such liability, the school must be more accessible to the scholar than those in the state, and the attendance must be approved by the school board of the district sought to be charged.   Laws 1909, *c.* 100.

In the present case, it appears that the school board paid the tuition for the scholar's attendance for a time.   No facts are reported which tend to qualify or explain away the effect of this action, or the inferences to be drawn from it.   In this state of the proof

but one inference could be drawn as to approval. The action of the board in paying was authorized only in the event that they themselves approved the expenditure, and their payment shows their approval. If the payment is only evidence, yet it has but one probative tendency, and in the absence of other evidence authorizes but one conclusion.

The argument is advanced that because the academy is more distant from the plaintiff's residence than other schools, both in and out of the state, therefore attendance at this school could not be within the provisions of the statute. The argument is faulty in that it does not take into account the added element of transportation facilities. This must be considered and may show that the school at St. Johnsbury is in fact more accessible to the plaintiff's child than those geographically nearer his residence. The general question of accessibility was one of fact to be found by the school board. It does not appear what the evidence before them was, aside from the distances. The question before the superior court was whether the school board exercised a reasonable discretion— not whether the court would have found the fact the same way. It cannot here be said as matter of law that such discretion was not in fact exercised.

The action of the board in subsequently withdrawing its approval is objected to upon the ground that once the approval has been given it holds for a full four-years course for the scholar in question. On the other hand, the board claims the right to revoke or withdraw its approval at any time. Neither position is correct. The school board have a reasonable discretion in the matter, and cannot act arbitrarily either in granting or withdrawing their approval. *Fogg* v. *Board of Education, ante,* 296. It is not a necessity that a scholar complete his course at one school. If it is assumed that this is ordinarily desirable, it must also be conceded that circumstances may arise which are of greater moment and which call for a change. All these things are to be taken into account by the board in acting upon the question; and their action, fairly taken upon reasonable grounds, is decisive of the matter.

The general question whether the revocation was based upon reasonable grounds is not presented by the case. It does not state the evidence, nor the facts upon which the board based their action. The plaintiff appears to have rested his contention solely upon the proposition that an approval of a scholar's attendance at a certain school, once given, could not be revoked. His argument is that

the existence of this fact prevents action by the board, no matter what the other facts in the case may be. This claim is untenable. The suggestion that the scholar has a vested right in certain school privileges was recently considered and held to be unsound. *Fogg v. Board of Education, ante,* 296.

*Judgment for the defendant.*

All concurred.