## ROLAND ST. ONGE *v.* CONCORD.

*Frederic K. Upton* and *Robert W. Upton* (*Mr. Frederic K. Upton* orally), for the plaintiff.

*Gordon S. Lord,* City Solicitor (*Elwin L. Page* on the brief), *Mr. Lord* orally, for the defendant.

BRANCH, C. J. The plaintiff's property is located in a "general residence district," in regard to which the ordinance provides as follows: "In a general residence district no building or premises shall be erected, altered or used for any purpose except 1, Any use permitted in a single residence district; 2, Detached two-family dwelling or pair of semi-detached one-family dwellings."

Section 10 (c) of the ordinance contains the following exceptions: "Nothing herein shall prevent any dwelling in a general residence or agricultural district existing prior to December 13, 1930, from being altered to provide for and being used for more than two, but not more than four families, provided it is not enlarged in volume and meets the requirements as to volume and unbuilt-upon yard space listed in the following table." (Table omitted).

No claim is made by the plaintiff that he comes within the exception of section 10 (c). He seeks, rather, a variance from the terms of the ordinance under section 62, paragraph III of the zoning statute (R. L., c. 51, s. 62 III) by which the board of adjustment is given power "to authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

It is argued by the defendant, however, that section 10 (c) of the

ordinance limits the power of the board of adjustment not only in granting the exception specified therein, but in granting variances as well. The argument is as follows: "Its interpretation, as we see it, is that the board of adjustment are told, first, the general spirit, then given some leeway, and finally told 'Thus far you may go and no farther.'" Given this interpretation, the ordinance would be in conflict with the provisions of the statute above quoted which puts no limit upon the power of the board to grant variances. The statute indicates no purpose to confine this power to "the general terms of the ordinance excluding special exceptions," as argued by the defendant. In short, the argument that a land owner cannot obtain as a variance the same or greater relief than that granted as an exception in a proper case is rejected.

The plaintiff bases his claim to relief upon the ground that the literal enforcement of the terms of the ordinance will cause him unnecessary hardship, whereas the granting of his petition will not be contrary to the public interest.

We have been earnestly urged to define what is meant by unnecessary hardship. It is well settled that financial hardship in and of itself does not warrant a variance. *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 537, 543; *Real Properties* v. *Board of Appeals*, 319 Mass. 180. The public interest and the spirit of the ordinance may be factors of controlling importance. The requisite hardship may be said to result if a restriction upon use, when applied to a particular property, becomes arbitrary, confiscatory, or unduly oppressive because of conditions of the property distinguishing it from other properties similarly restricted. Whether the hardship is "unnecessary" may be a more difficult question. In the recent case of *Fortuna* v. *Zoning Board of Adjustment, ante*, 211, it was pointed out that any hardship suffered by the defendant as a result of the interference with its right to use its property, without commensurate public advantage, is an unnecessary hardship. It may, therefore, be stated that "unnecessary" as used in this connection, means, "not required to give full effect to purpose of the ordinance." In the present case, no private rights other than those of the plaintiff are claimed to be endangered by the proposed variance. In fact, three of the plaintiff's close neighbors appeared as witnesses and testified that they did not feel that the addition of two apartments to the plaintiff's property would depreciate the value of their real estate, but, on the contrary, would tend to increase the property values in the neighborhood. The only public right asserted by the defendant to be endangered is the right

to have the restricted character of a general residence district maintained. As to this the Trial Court has found that "the non-conforming use will not alter the essential character of the neighborhood and the spirit of the ordinance will be observed and substantial justice done by allowing the variance." If this finding meant only that the essential character of a large district will not be altered by remodelling one house, the finding, although obviously correct, would be without significance. When considered in the light of the evidence, however, and particularly when read in connection with another finding of the Court to the effect that "although the area where the plaintiff's property is located is designated a 'general residence' district, it is predominated by multiple family dwellings and apartment houses," it is plain that it means something more than that a single house cannot determine the character of a large district. It indicates, rather, that the character of the district is of such a nature that the proposed alteration of the plaintiff's house will be entirely consistent with the conditions already existing in the district so that the public interest in the restricted character of the district will not be affected thereby. This finding is fully supported by the testimony of the plaintiff and his witnesses. The word "predominated" in the last quoted finding of the Court is understood to mean "characterized." Since neither public nor private interests will be endangered by the proposed variance, the finding that a denial of the plaintiff's petition imposes upon him an unnecessary hardship, is correct.

It may well be argued that the administration of a zoning ordinance is a local matter and can better be done by the local board of adjustment than by the Superior Court of the State. However, whether an appeal on questions of fact as well as law should be permitted from the former to the latter is a matter of policy for the Legislature. *Edgewood Civic Club* v. *Blaisdell, ante,* 244.

*Exceptions overruled.*

DUNCAN, J., dissented: the others concurred.

DUNCAN, J., *dissenting:* The importance of the public interest that zoning ordinances shall be enforced without unnecessary impairment outweighs the seriousness of any hardship to the individual disclosed by the evidence in this case. It follows that the action of the Trial Court in granting a variance should not be sustained. The case is perhaps distinguished by the evidence bearing directly upon the

public interest involved in the particular provision of which a variance is sought; but even without such evidence the nature of the interest fairly appears from the pertinent provision itself. If that interest has received consideration here, its significance has become obscured by reliance upon findings or rulings of the Trial Court which are not warranted by the record.

Any variance is opposed to the public interest which zoning is designed to promote, unless it can be said to cause no disruption of the general plan, to be of specific rather than general application, and to be justified by circumstances which would otherwise result in unreasonable invasion of private rights, not required to accomplish the legitimate purpose of the ordinance. This is made plain by the statute. R. L., c. 51, s. 62 III.

The device of the variance was not intended to afford relief from zoning requirements whenever deemed burdensome to the individual. Its purpose was to preserve the integrity of the public act, not to protect the individual from intended consequences of the act. Reasonable restriction of private rights is legitimate where the public interest is served. *Sundeen* v. *Rogers*, 83 N. H. 253. The office of the variance is to permit modification of an otherwise legitimate restriction in the exceptional case where, due to unusual conditions, it becomes more burdensome than was intended, and may be modified without impairment of the public purpose.

Principles controlling the dispensation of variances have been well expressed in the decisions of neighboring jurisdictions. "In any determination of the question whether there exist situations of . . . unnecessary hardship justifying the relaxation of zoning regulations, there is necessarily a balancing of the considerations involved in the general public interests and those affecting the individual." *Torello* v. *Board of Zoning Appeals of New Haven*, 127 Conn. 307, 311. "The 'power of variation' is to be sparingly exercised, and only in rare instances and under exceptional circumstances . . . " *Real Properties* v. *Board of Appeals*, 319 Mass. 180, 184. It is designed for use where "application of zoning to a particular property greatly decreases or practically destroys its value for any permitted use and . . . bears so little relation to the purposes of zoning that, as to that property, the regulation is in effect confiscatory or arbitrary." *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 537, 543. See also the comprehensive annotation in 168 A. L. R. 13.

It is well settled as the majority opinion recognizes, that financial hardship of itself does not warrant a variance. *Devaney* v. *Board of*

*Zoning Appeals, supra; Real Properties* v. *Board of Appeals, supra.* Reasonable restriction upon use, which affects one no more than another, is not "unnecessary hardship." See *Sundeen* v. *Rogers, supra,* 257, 258. It is the essence of zoning that reasonable restriction shall be imposed for the public good.

The evidence in the present case discloses no sufficient reason why the plaintiff should be excused from compliance with the ordinance. There is no evidence that his property is usable for permitted uses to less advantage than other comparable properties within the district. His dwelling house and yard are not sufficiently large to support the uses which he desires to make, without causing the overcrowding of land and increased fire hazard which the ordinance is designed to prevent. R. L., c. 51, s. 51; *Sullivan* v. *Company,* 89 N. H. 112, 115. Section 10 (c) of the ordinance lays down standards of building content and yard space which even the present use of the plaintiff's property does not meet. The standards are not shown to be unreasonable. The plaintiff's present use is lawful only because he was granted a variance in 1944. The further variance now requested may not of itself immediately affect the essential character of the neighborhood; but it does an injury to zoning, and hence to the public interest, because the restricted character of the zone is violated without the requisite justification. If the plaintiff is entitled to a variance, other persons comparably situated will be entitled to similar privileges. *Sundeen* v. *Rogers, supra,* 261. What results is growth—not toward what has been determined to be the most appropriate use of the zone— but in the opposite direction.

The financial hardship here relied upon is due in large measure to rent control and high costs of operation and maintenance. These causes are hardly to be attributed to zoning. The plaintiff's alleged loss is demonstrated by assignment to the portion of the premises occupied by him, of an arbitrary rental income figure, unsupported by evidence of reasonableness, and unreasonably small in contrast with income received from comparable space actually rented.

The hardship of which the plaintiff complains, other than financial, is purely the calculated result of the ordinance. The desired use will produce precisely the conditions which the ordinance was designed to prevent. Deprivation of the use is thus not "unnecessary" hardship resulting from peculiar characteristics of the property, or some other "special condition" (R. L., c. 51, s. 62 III), but necessary hardship arising out of the very conditions envisioned by the regulatory body. The matters relied upon furnish no sufficient basis for a finding that

enforcement of the ordinance will produce "unnecessary hardship" attributable to "special conditions" as that phrase is understood.

The conclusion of the majority opinion that the public interest is not endangered, relies for justification upon the finding of the court below that the district is predominated by multiple family dwellings. The finding is both unwarranted and immaterial; unwarranted because the evidence did not purport to disclose the character of the district as a whole, but only that of a few blocks surrounding the plaintiff's premises; immaterial because it furnishes no basis for a variance. Multiple family dwellings are permitted by section 10 (c) as non-conforming uses, and the plaintiff already has such a dwelling. What are forbidden are multiple family dwellings of over four families. There is no evidence that such dwellings predominate, and no such finding was made. Isolated instances of dwellings of more than four families referred to in evidence are presumably either non-conforming uses existing before the ordinance was adopted, or since permitted, under special circumstances not present in the plaintiff's case. In any event they do not "predominate." No other evidence appears upon which to premise the conclusion that a variance will not be contrary to the public interest, or that it will be consistent with the "spirit of the ordinance."

On the other hand, there is substantial evidence indicating that the variance will be contrary to the public interest. The purpose of the amendment (s. 10c) was carefully explained by the director of the city planning board. It was to permit utilization of large old-fashioned single dwellings, within what were considered from the standpoint of effective zoning to be appropriate limits. The amendment relates to "dwellings" rather than "buildings," because it was considered that to permit conversion of barns and outbuildings would result in too great concentration of population. The number of units permitted was proportioned to the size of the dwelling and the size of surrounding yard space. The variance now granted cannot properly be said to observe the spirit of the ordinance as thus disclosed. The plaintiff's property is not sufficiently large to afford for six families the proportion of average cubic content and yard space per family which the considered judgment of those who enacted the ordinance determined to be necessary for a four family dwelling.

The result of the variance is not "substantial justice" to the public. R. L., c. 51, *supra*. Removal of the limitation imposed by the ordinance without the justification prescribed by statute, nullifies its provisions without regard to their reasonableness. This is legislation,

rather than administration of the statute.  See *Stone* v. *Cray*, 89 N. H. 483.  If like variances are not to be extended to others, injustice is done as between individuals.  Since the action of the Trial Court exceeded the discretion conferred by statute, the action of the board of adjustment denying the variance should be sustained.