Original,
No. 6199.

## LANDAFF SCHOOL DISTRICT

*v.*

## STATE BOARD OF EDUCATION.

October 5, 1971.

*Perkins, Perkins & Douglas* ( *Mr. Charles G. Douglas III* orally ) for the plaintiff.

*Warren B. Rudman,* Attorney General, and *Richard A. Hampe,* Assistant Attorney General ( *Mr. Hampe* orally ), for the defendant.

DUNCAN, J. By petition for certiorari ( RSA 490:4 ), the plaintiff district seeks review of proceedings before the State Board of Education which culminated in orders granting applications by Mrs. David Clement and Clifford Boivin both of Landaff seeking in each case to have two children assigned from the Landaff Blue School in Landaff to the Lisbon Regional Elementary School in Lisbon. The statute ( RSA 193:3 ( supp. ) ) provides for such applications where the person having custody thinks that attendance of the child at the school to which he is assigned "will result in a manifest hardship to the child"; and authorizes the State board after investigation and notice to the school board to order the child to attend another school. In such a case the district of the child's residence is made liable for his tuition. RSA 193:4. The statute makes no provision for appeal from orders of the State board, but on the contrary provides: " The decision of the state board shall be final and binding. " RSA 193:3( supp. ).

Opinions of this court have consistently pointed out that issues of fact decided by administrative bodies are not generally reviewable by the courts unless the legislature has provided therefor by affording an appeal; and that certiorari will not lie to review issues of fact, "except upon the inquiry of law whether the finding or verdict could reasonably be made. " *Cloutier* v. *State Milk Control Board*, 92 N.H. 199, 203, 28 A.2d 554, 557 ( 1942 ). " Whether the fact finding tribunal has acted illegally in respect to jurisdiction, authority or observance of the law, is the scope of inquiry which the proceeding may cover. " *Id.* at 203, 28 A.2d at 557; *Goldsmith* v. *Kingsford*, 92 N.H. 442, 444, 32 A.2d 810, 812 ( 1943 ). *See also George* v. *Commercial Credit Corp.*, 105 N.H. 269, 197 A.2d 212 ( 1964 ); *Carling Brewing Co.* v. *State Liquor Commission*, 102 N.H. 284, 288, 155 A.2d 808, 811-12 ( 1959 ).

The petitioner is faced at the outset by the consideration that the issue presented may be thought to be moot, since the order of the State board applied to the 1970-1971 school year only, which ended as the case was being submitted in this court. Recognizing this, the petitioner has pointed out that the proper interpretation of the statute is a matter of public concern. It further asserts that the same issue is likely to be presented at the 1971-1972 school year, as between the same parties. Another difficulty confronting the petitioner is that no transcript was made of the hearing held by the State board on September 9, 1970, so that the only record, con-

sisting of notes or a summary of what then transpired, is not before us. Further, the State board relies in justification for its action upon information not presented at the hearing, but obtained by investigation which it caused to be made in compliance with the statute. RSA 193:3 ( supp. ); *see Willis* v. *Wilkins,* 92 N.H. 400, 403, 32 A.2d 321, 323 ( 1943 ).

Thus if we assume that the issue raised is of sufficient public moment so that we should not decline to entertain the petition upon the ground that the issue is moot ( *Sugar Hill Improvement Ass'n* v. *Lisbon,* 104 N.H. 40, 42, 178 A.2d 512 ( 1962 ); *State* v. *Swift,* 101 N.H. 340, 342, 143 A.2d 114 ( 1958 ) ), the question of whether there was evidence available to the State board to justify its action could not be determined upon any existing record.

The petition raises no question of the jurisdiction and authority of the board, and its observance of the law is called in question primarily by an allegation that " attendance at the Blue School does not present a ' manifest hardship ' to the pupils attending said school ". However, the issue before the State board was the narrower one of whether such attendance would result in manifest hardship to the particular children sought to be transferred. The parties were afforded an opportunity to be heard upon this question, and in acting upon the applications the board was not confined to consideration solely of information thus obtained. *Willis* v. *Wilkins,* 92 N.H. 400, 403, 32 A.2d 321, 323 ( 1943 ) *supra.* The record cannot satisfy the plaintiff's burden of establishing illegality or unreasonableness of action. *Id.*

The statute contemplates expeditious if not summary action by the board, for the welfare of the children concerned and the continuity of their education. *See* RSA 186:5. The provision that the decision of the State board shall be final points to legislative recognition that this purpose would be defeated by extended hearings or the delay of appeals. The function of the board under the statute is thus primarily administrative rather than judicial in nature. Abuse of discretion will not be presumed. *Winn* v. *Jordan,* 101 N.H. 65, 68-69, 133 A.2d 485, 488 ( 1957 ); *Pushee* v. *School District,* 76 N.H. 369, 371, 82 A. 718 ( 1912 ). We conclude that the petition should be denied. *Nelson* v. *Morse,* 91 N.H. 177, 16 A.2d 61 ( 1940 ); *Jordan* v. *Winn supra.*

*Petition denied.*

· All concurred.