Grafton
No. 6851

LISBON REGIONAL SCHOOL DISTRICT

v.

LANDAFF SCHOOL DISTRICT & a.

October 31, 1974

*Nighswander, Lord, Martin & KillKelley* and *Bradley F. Kidder* for the plaintiff, filed no brief.

*Perkins, Douglas & Brock* (*Mr. Charles G. Douglass III* orally) for the defendants.

DUNCAN, J. The Lisbon Regional School District seeks to recover in assumpsit payments from Landaff School District under RSA 193:4 for tuition of Landaff children who attended the Lisbon District's schools during school years 1969-70, 1970-71, and 1971-72 pursuant to assignments by

the State board of education under RSA 193:3 as amended by Laws 1969, 356:2. Upon motion by Landaff, sixty-seven individuals, a majority of the Landaff district's voters, were added as parties defendant in order that the question of the constitutionality of the procedures provided by RSA ch. 193 might be raised. Upon the submission of an agreed statement of facts by the parties, all questions of law presented were reserved and transferred by *Johnson*, J.

The agreed statement of facts reveals the following: In each of the years in question, petitions were brought to the Landaff School Board by Landaff parents asking that their children be assigned to Lisbon Regional. Each such petition was denied, and the parents then petitioned the State board, which granted their requests for assignment under RSA 193:3 as amended by Laws 1969, 356:2. At the Landaff School District meetings in 1970, 1971 and 1972, appropriations for payment of tuition for the children so assigned by the State board were disapproved. It is agreed that the "total money due the Lisbon Regional School District based on the state average of tuition is: 1969-70, $2,212; 1970-71, $2,452; 1971-72, $2,064", or $6,728 in the aggregate. After the 1970 State board hearing, Landaff filed an original petition for certiorari with this court. This petition was denied in *Landaff School District v. State Board of Education*, 111 N.H. 317, 282 A.2d 678 (1971).

The defendants, by way of defense to Lisbon Regional's claim, make two basic arguments. First, they contend that RSA 193:3 as amended is unconstitutionally vague because "manifest hardship" is not defined. Second, they argue that even if the statute is valid, the procedure followed by the State board in determining the parents' appeals violates procedural due process guarantees and will result in unconstitutional taking of the property of Landaff School District (RSA 530:1) and if RSA 530:8 should be invoked to collect a judgment by levy on the property of the district inhabitants (*See State v. Goffstown*, 100 N.H. 131, 121 A.2d 317 (1956)) may result in a similar taking of property of the sixty-seven individual defendants, or some of them.

The statute under which the action of the State board

was taken in this case provided for the change of a school assignment by the board in instances where the person having custody of a child thinks that attendance of the child at the school (or special class for handicapped children) to which he has been assigned "will result in a manifest hardship to the child". The statute also provided that "the decision of the State board shall be final and binding." *See* RSA 193:3 as amended by Laws 1969, 356:2; *Landaff School Dist. v. State Bd. of Educ.,* 111 N.H. 317, 282 A.2d 678 (1971).

Prior to the 1969 amendment, predecessor statutes, beginning in 1921 when the school laws were revised and codified, provided for reassignment by the State board when the custodian thinks it is "not for the best interest of the child to attend" the school of original assignment. Laws 1921, ch. 85, pt. III, § 3. The same codification contained parallel provisions for transfer of high school students when attendance at an assigned school "will work a manifest hardship, which may be avoided by permitting the child to attend another . . . more accessible school." Laws 1921, ch. 85, pt. IV, §23; *cf.* RSA 194:24.

In 1969, the language of "manifest hardship" was grafted upon the section with which we are now concerned. Significantly, this amendment made no reference to a limitation of transfer to a "more accessible school", although this language had appeared in what is now RSA 194:24 for almost half a century. Additionally, the amendment of 1969 added the provision that the decision of the State board should be "final and binding". Laws 1969, 356:2.

Nothing in the legislative history of the 1969 amendment suggests that any limitation was intended which would correspond with that appearing in RSA 194:24. The amendment grew out of House bill 401, submitted by the Legislative Education Study Committee established under Laws 1967, ch. 287. The only change in RSA 193:3 proposed by this committee was the addition of a proviso assuring a "right of appeal" in case of assignment of a child to a special class or school for handicapped children. The body of the section would have continued to govern reassignment by the standard of the "best interest of the child". However House bill 401 was

presented in new draft by the House Committee on Education which contained the language of "manifest hardship" appearing in the amendment as enacted. 2 N.H.H.R. Jour. 1103-04 (1969). When the bill in its new form was approved in the senate, it was presented as "another product of the education study commission which clarified certain provisions in the school laws and eliminated others". N.H.S. Jour. 1090 (1969).

Thus it is a fair inference from the amendment that while the legislature borrowed the language of "manifest hardship" from RSA 194:24, it did not choose to limit discretion of the State board under RSA 193:3 to "manifest hardship" which could be avoided by assignment to a "more accessible school". Other amendments to the section related to the transfer of "handicapped children". Hence the "hardship" envisaged by RSA 193:3 as amended is deemed to extend to more than one variety of hardship, and to include hardship arising not only from problems of access to the school originally assigned, but also from such matters as the physical or mental condition of the child or the availability, at the school to which transfer is sought, of courses better suited to the educational needs of the particular child. *See* RSA 194:23-d (Supp. 1973).

The argument that the statute should be held void because of the vagueness of the standard of "manifest hardship" does not impress us favorably. *State v. Fleury*, 114 N.H. 325, 332, 321 A.2d 108, 113 (1974). "Hardship" involves the concept of difficulty, as well as deprivation, and "manifest hardship" is simply hardship which is apparent and obvious to the understanding. The concept of "unnecessary hardship" which for many years has played a large part in the determination of the right to a variance from the terms of a zoning ordinance, while open to difference of interpretation, is seldom questioned on the ground of vagueness now urged for invalidation of this school statute. RSA 31:72 III; *see St. Onge v. City of Concord*, 95 N.H. 306, 63 A.2d 221 (1949); 2 R. Anderson, American Law of Zoning § 14.16 (1968). As was said in *Sundeen v. Rogers*, 83 N.H. 253, 260, 141 A. 142, 146 (1928): "The board is made a tribunal to find the facts. The facts being found, the action to be taken thereon is prescribed by law."

The contention that due process of law was not afforded because lack of express findings prevented judicial review cannot be accepted. The orders of the State board implied findings of manifest hardship warranting reassignment of the pupils, and the validity of the board's action under the statute is to be presumed. 2 Am. Jur. 2d *Administrative Law* § 750 (1962); *see* RSA 541:13. Moreover, since the statute expressly provided that the decisions of the board were not subject to judicial review, express findings became unnecessary. 2 Am. Jur. 2d *Administrative Law* § 450 (1962); Annot., 146 A.L.R. 209, 210, 237 (1943); *see Opinion of the Justices,* 98 N.H. 533, 536, 104 A.2d 195, 196-97 (1954); *Landaff School Dist. v. State Bd. of Educ.,* 111 N.H. 317, 282 A.2d 678 (1971).

We consider that the statutory obligation of the Landaff School District to Lisbon Regional School District is valid, enforceable, and not open to collateral attack.

*Remanded.*

All concurred.