State Board of Education
No. 7405

RALPH M. SWAIN & a.

v.

STATE BOARD OF EDUCATION

May 29, 1976

*Anthony A. McManus,* by brief and orally, for the plaintiffs.

*David H. Souter,* attorney general, and *John S. Kitchen,* assistant attorney general *(Mr. Kitchen* orally), for the defendant.

PER CURIAM. The issue involved in this appeal is whether this court should set aside the decision of the defendant State board of education not to order the original assignment of the plaintiffs' child to a publicly supported preschool special education program in the face of the determination of the Barrington School Board not to place the child.

On September 21, 1974, plaintiffs filed a request with the Barrington School Board that their then three-year-old child be assigned to a special preschool program for handicapped children. The local school board denied this request on January 21, 1975, primarily because the child had not reached school age. Plaintiffs appealed the decision to the State board of education. Upon the advice from the State board, plaintiffs filed a second request with the Barrington School Board. A hearing was held on May 27, 1975, and the renewed application was denied on June 17, 1975. Plaintiffs again appealed to the State board. A hearing was held on July 16, 1975, but was recessed pending the rendering of an opinion from the attorney general's office. The hearing was reconvened on October 14, 1975, at which time the appeal was remanded to the Barrington School Board based on the belief that the State board of education was unable to make an original assignment in this class of cases. After this request for a rehearing before the State board was denied, plaintiffs filed this appeal pursuant to RSA ch. 541.

It is the petitioner's contention that the statutory scheme of chapter 186-A (Supp. 1975) mandates that all children up to twenty-one years of age be assigned to special education programs. Our reading of that chapter, however, is that although

such education is authorized, assignment of preschool children is made at the discretion of the local school districts. RSA 186-A:7 (Supp. 1975) reads, "A school district shall establish programs for handicapped children as approved by the state board of education, or shall pay tuition to such an approved program maintained by another school district or by a private organization. Eligibility for this type of education shall be determined by the school board under regulations promulgated by the state board of education." The statutory provisions envision a procedure where the local school board first will arrange for programs in which handicapped children may be placed and then in its discretion determine eligibility of the applicants for these programs. The language of RSA 186-A:6 (Supp. 1975) effective July 1, 1976, that "[e]very handicapped child . . . shall attend an approved school or program *to which he may be assigned* (emphasis added)" is a further indication any such assignment is discretionary with the school board. It is mandatory that the child attend if assigned but it is not mandatory that there be an assignment.

The language of RSA ch. 186-A (Supp. 1975) does not require that a handicapped child the age of this one be placed in a special education program. Rather, such placement remains within the discretion of the local school board. This interpretation is buttressed by the legislative history of the chapter. In reporting his committee's recommendation that House bill 502 was inexpedient to legislate, Senator Smith stated, "Mr. President, this bill has many similarities to HB 394 which passed earlier in the session which lowers the age of physically handicapped educated to the age of 3. It was amended in the House to conform with HB 394. The great problem with the bill is in the first section which makes it mandatory for schools to have facilities for handicapped. But the problem is that the House cut out approximately two million dollars of appropriations. We felt that it would be inequitable to have a law making it mandatory and not supply the funds." N.H.S. Jour. 2052 (1973). House bill 502, which was eventually defeated in the senate (N.H.H.R. Jour. 1825 (1973)), declared as its policy to "require school districts to provide [such education to all handicapped children in New Hampshire] as an integral part of free public education . . . ." N.H.H.R. Jour. 811 (1973).

Although House bill 394 removed the minimum age limitation, the statutory provision reads, "Schooling for handicapped children *may* commence at any age . . . ." (Emphasis added.) RSA 186-A:8 V (Supp. 1975). In remarks made on April 4, 1973, before

the Senate Committee on Public Health, Welfare and State Institutions in support of House bill 394, Representative Beaulieu, the sponsor of that bill, stated, "This bill *may* provide for special education of a handicapped child, deaf, emotionally handicapped as defined in the law up to twenty-one years of age .... [T]he intent is not for immediate blanket coverage of all handicapped children of all ages ...." (Emphasis added.)

The authority of the State board of education to make assignments is conferred by RSA 193:3 (Supp. 1975), which reads in pertinent part, "Any person having custody of a child may apply to the school board for relief if he thinks the attendance of the child to the school or special class for handicapped children to which he has been assigned will result in a manifest educational hardship to the child and, if the person having custody of the child is aggrieved by the decision of the school board, he may apply to the state board of education and the state board of education, after investigating the case and giving notice to the school board, may order such child to attend another school in the same district if such a school is available, or to attend school in another district." Under the terms of that statute, the State board of education can only make a reassignment of a child previously placed in the system and cannot make an original assignment. *Landaff School Dist. v. State Bd. of Educ.*, 111 N.H. 317, 282 A.2d 678 (1971).

Further, as the authority of the State board of education is limited to problems associated with kindergarten and grades one through twelve (RSA 186:6-a (Supp. 1975)) the State board has no authority to make an assignment to a preschool special education program.

*Appeal dismissed.*